HENRY MONELL, RESPONDENT, *v.* NORTHERN CENTRAL RAILWAY COMPANY, APPELLANT.

*Receipt given for goods by consignee — when not binding in an action brought to recover because of the damaged condition of the goods at the time of their delivery by the common-carrier.*

APPEAL from a judgment in favor of the plaintiff, entered on a verdict at the Genesee circuit, and from an order made at the Special Term denying a new trial.

The action was brought to recover damages against the defendant for negligence in delaying the transportation of certain carloads of potatoes from Batavia, in this State, to the city of Philadelphia, in the autumn of 1875. The concessions of the defendant's answer show that the defendant was a common-carrier of goods for hire between Batavia and Philadelphia, and that it agreed to transport the property mentioned between those points, and deliver it to the plaintiff's consignees at Philadelphia.

The defendant claimed that a receipt given by plaintiff's agent estopped plaintiff from maintaining the action; with reference to this, the court at General Term, said: "It appears that the consignees of the plaintiff at Philadelphia, and to whom the potatoes were consigned as commission merchants, to be sold for the account of the plaintiff, in order to obtain the possession of the potatoes from the railroad terminating at Philadelphia, receipted the bills of lading to the effect that the property was received in good order, as he says, however, under protest and because it was necessary in order to obtain the possession of the property. This receipt, the defendant's counsel insists, operates as an estoppel upon the plaintiff, and prevents him from claiming that the property was damaged when received, and that there was no necessity of giving such a receipt or even receiving the property at all in its damaged condition, but that the consignee might have refused to receive the property and have held the carrier for the damage which it had suffered. It may be granted that the consignee might, under the circumstances, have rejected the property altogether on account of its damaged condition; yet he was not

bound to do this. He had an election to reject the property altogether and hold the carrier liable for the damages, or he might recover the property and dispose of it to the best advantage, and hold the carrier liable only for the difference between the sum which was realized from the sale of the property and what it would have been worth had it been delivered in good order. As to the estoppel, the Pennsylvania road was the agent of the defendant in completing the contract of carriage. The evidence of the plaintiff tended to show that it was duly notified that the consignee claimed that the property was damaged at the time the receipt for it was signed. Its acts were in law the acts of the defendant, and its knowledge and information concerning the transaction were imputable to the defendant.

" As a statement of facts in a receipt, it might be contradicted, and the property, as against the defendant, be shown to have been delivered in bad order, notwithstanding the statement to the contrary in the receipt; certainly, unless the defendant has been in some way misled by the receipt, and induced to act in a manner in which it would not have acted but for the receipt; and of this there is no evidence in the case."

*John Hubbell,* for the appellant. *George Bowen,* for the respondent.

Opinion by TALCOTT, J.; MULLIN, P. J., and SMITH, J., concurred.

Order denying new trial and judgment affirmed.